UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CIVIL BRANCH
AT LEXINGTON

CIVIL ACTION_____

JURY DEMAND

STEPHANOS KYRKANIDES											PLAINTIFF


VS						COMPLAINT


UNIVERSITY OF KENTUCKY and
DR. DAVID M. BLACKWELL, PROVOST FOR
THE UNIVERSITY OF KENTUCKY									DEFENDANT


***************************

Comes the Plaintiff, Dr. Stephanos Kyrkanides, by and through counsel and for his complaint against the Defendant, University of Kentucky, and Dr. David M. Blackwell, Provost for the University of Kentucky, states as follows;

## PARTIES

1. That the Plaintiff, Dr. Stephanos Kyrkanides (hereinafter Plaintiff) was hired on June 17, 2015 to be Dean of the College of Dentistry at the University of Kentucky, and as such is a state employee.

2. That for the purpose of this litigation, the University of Kentucky is a state university and/or institution with several colleges under its authority including the College of Dentistry. The College of Dentistry

      has three (3) primary initiatives (a) Clinical: which emphasizes prevention and wellness through awareness, participation and personalized care, (b) Education: wherein initiatives are to promote creative innovative state-of-the-art curricula for dental and specialty programs, and (c) Research intensive DMD track: Supported by scholarships to students and through research and discovery to alleviate oral diseases in Kentucky.

3.     That the Defendant, Dr. David M. Blackwell, during the period of retaliation alleged herein, is the Provost for the University of Kentucky and agent thereof and acted under color of state law. His office's primary goal is to be a resource for all the University of Kentucky, which includes the College of Dentistry.

4.     That the Agent for Service of Process for the University of Kentucky is the Attorney General, Hon. Andy Beshear, State Capitol, 700 Capitol Ave, Ste. 118, Frankfort, Kentucky, 40601. Service of process is also to be made on William E. Thro, Office of Legal Counsel, University of Kentucky, 301 Main Building, Lexington, Kentucky 40506-0032.

5.     That the Plaintiff is a resident of Fayette County, Kentucky and a state employee. That this cause of action is brought within 90 days from the

Plaintiff's removal as Dean of the College of Dentistry.

6. That this court has jurisdiction and venue pursuant to 42 U.S.C. 1983 in that the Defendant operated under color of state law.

7. That KRS 338.121 and KRS 61.102 prohibit a state employer from retaliation against the Plaintiff because he reported actual or suspected violation of administrative regulation or mismanagement, fraud, waste or abuse of authority. The Defendants' conduct alleges herein constitute a violation of Kentucky Whistleblowers Law (KRS 338.121 and/or 61.102).

8. That jurisdiction and venue is placed in this court because the unlawful acts alleged herein occurred, and is occurring at the University of Kentucky, in Fayette County, Kentucky which is in the Eastern District of Kentucky.

9. That the Defendant retaliated against the Plaintiff because the Plaintiff in good faith informed Provost Blackwell that certain faculty in the College of Dentistry were misusing state funds and/or violating the college dental service plan (DSP) addendum signed into effect in 2009.

### COUNT I: RETALIATION BECAUSE THE PLAINTIFF ADDRESSED A VIOLATION OF UNIVERSITY REGULATION

10. Plaintiff incorporates by reference each allegation contained in the

preceding paragraphs as if fully set forth herein.

11. That on June 14, 2016 Mr. Cliff Iler, Associate General Counsel for University of Kentucky Healthcare, informed Plaintiff that there was a problem in the College of Dentistry. Simply, that the University regulations require "salary supplement to be paid out to faculty based on net income not gross." (See Exhibit A)

12. That the Practice Plan addendum clearly states that faculty will receive a portion of the fees collected for their clinical services after payment of operating expenses and charges.

13. That in May 2017, at the direction of the Plaintiff, the business office hired the first accountant ever in the College of Dentistry. On October 2, 2017, the accountant's calculation showed a deficit of $1,916,574 because salary supplement was being paid out based on gross income, not net.

14. That some of the faculty of Dentistry fiercely resisted the Plaintiff efforts to correct the violation of the regulations. Some faculty verbally attacked the Plaintiff and one faculty member on 9/18/17 stated, "With what you are doing I will lose $50,000.00." On 5/1/18 another faculty leader said to the Plaintiff that he needs to be cautious about the DSP payments to the faculty, that this is very dangerous for

the Plaintiff.

15. That on January 7, 2018 Mr. David Blackwell was named Provost for the University of Kentucky. That Provost Blackwell did not support the Plaintiff efforts to correct the violations of the University Administrative Regulations.

16. That on the following dates, 4/3/18, 4/5/18, and 4/7/18, the Plaintiff informed the faculty and staff leaders of the College of Dentistry that the College was losing money because of the unlawful activities of the clinical program.

17. That on June 14, 2018 the Plaintiff explained to Provost Blackwell how some of the faculty were taking state funds for personal gains, which was costing the college regular fund dollars, coming primarily from tuition money. The Provost responded by telling the Plaintiff that to be successful going forward, the Plaintiff will have to forgive some of these people. (See Exhibit B)

18. That on August 15, 2018, Deputy General Counsel informed the Plaintiff that the problem of inappropriate use of state funds was in the hands of Provost Blackwell.

19. That on September 13, 2018 the plaintiff met with Associate General Counsel Cliff Iler (again), and College of Dentistry leaders, and asked

        that the college calculate the supplemental income given to faculty after expenses pursuant to the AR 3:14 dental services plan. That on September 27, 2018 the Plaintiff again alerted the Associate General Counsel, Clifton Iler, that the Provost was doing nothing to correct the problem of faculty taking college clinical funds as their own.

20. That the Plaintiff, on October 2, 2018, again informed the Associate General Counsel that the University needed to revise the Dental Service Plan (DSP) Addendum because faculty was violating the law.

21. That on December 10, 2018 the Plaintiff protested to Provost Blackwell that he was continuing to allow faculty who were in leadership position to engage in violation of the University Regulations.

22. That on January 11, 2019 Plaintiff, briefed University of Kentucky Deputy General Counsel Cliff Iler (again) as to why the present practice of calculating supplemental income on the top line (gross) for faculty was inappropriate and asked for his support to address the issue. General Counsel Office informed the Plaintiff that the issue was in the hands of the Provost's Office. Vice Provost Holloway refused Plaintiffs' request for support.

23. That the Plaintiff on January 15, 2019, announced to the College of

        Dentistry faculty, faculty leaders and staff leaders his plan to make the financial issue transparent to all and his plan to seek advisement from all faculty on the issue. The plaintiff scheduled a faculty meeting on January 30, 2019. (See Exhibit C).

24. That the Plaintiff in good faith believed that the amount of state dollars that was inappropriately directed towards individual faculty, in violation of University of Kentucky Regulation, was in excess of $1,200,00.00 which otherwise belonged to the College of Dentistry.

25. That on January 16, 2019 the Plaintiff was removed from the position of Dean of the College of Dentistry in violation of KRS 61.101. (See Exhibit D).

26. That the Plaintiff's job performance was excellent. Simply, in 2017 Provost Tracy applauded the Plaintiff in his performance and the work-life survey reported significant improvement in diversity and inclusion in the College of Dentistry under the Plaintiff's leadership.

27. That in the beginning of 2019 Provost Blackwell told the Plaintiff, "Numbers speak for themselves. You turned around a broken organization." Plaintiff has a long list of accomplishments that have lent themselves to this impressive outcome during his time as Dean.

28. That on November 15, 2018 University of Kentucky President

       Capilouto applauded the Plaintiff and his leadership team on achievements in the College of Dentistry.

29. That the violation of the University regulations, which constitute fleecing, were first raised and brought to the attention of the Plaintiff by University Legal Counsel. Given the nature of the violation the Plaintiff had a duty to investigate the issue and to correct it.

30. That on or about February 2019, the Plaintiff complained to the Defendant that he was again being retaliated against in that the Defendant cut the Plaintiff's research funds and blocked purchased reagents for Plaintiff.

31. That the Defendant's conduct was reckless, wanton, intentional and with malice to cause the Plaintiff harm, and such conduct entitles the Plaintiff to punitive damages.

### COUNT II: RETALIATION FOR REPORTING THEFT OF UNIVERSITY PROPERTY

32. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if fully set forth herein.

33. That on July 25, 2018 the Plaintiff forwarded to Provost Blackwell and General Counsel William Thro allegations made by a clinical staff member that the College of Dentistry employees were stealing gold crowns. If the gold crowns were recyclable, then they became

      University property. (See Exhibit E).

34. That subsequently, on August 8, 2018, Plaintiff received a phone call from HR's Sherri Goins informing him their investigation revealed that employees were in fact stealing gold crowns and either selling them on the secondary market to purchase gifts for their own families, or converting them to gold coins and taking them home. That on August 8, 2018 the Plaintiff sent the information that he received from the University of Kentucky Police Department to Mr. William Verble, an HR specialist assigned to the Provost, Mr. Blackwell. Shortly after, the Plaintiff spoke on the phone with Deputy General Counsel Cliff Iler about this issue and was told by Iler that this conduct is theft. On August 25, 2018 the Plaintiff emailed Deputy General Counsel Iler and Associate General Counsel Steven Clifton about this issue, but received no further support from them.

35. That on January 14, 2019 the Plaintiff informed the Internal Audit Executive, Joseph Reed that (1) items coming out of a patient's mouth, such as a gold crown, is subject to biohazard regulations, (2) due to their value and according to University Regulation all other precious metals constitutes university property.

36. That on January 15, 2019, an HR employee told the Plaintiff that the

theft is so prevalent that they could not address it. The Plaintiff, in an email to General Counsel Thro, requested support to address the theft issue. However, the office of Provost refused to address the issue.

37. That the Plaintiff, given the nature of the allegations, had a duty to investigate and correct the issue because the scrap alloy legally belonged to the patient. (See Exhibit F).

38. That on January 16, 2019 the Plaintiff was removed from the Position of Dean of the College of Dentistry in violation of KRS 61.102.

39. That the Plaintiff's job performance was excellent.

40. That the Defendant breached the Plaintiff's employment contract because the Plaintiff was trying to correct the fleecing and theft that was occurring in the College of Dentistry. A copy of the Plaintiff's employment contract is attached hereto.

41. That Provost Blackwell terminated the Plaintiff's appointment as Dean of the College of Dentistry and placed Plaintiff on sabbatical/administrative leave on January 16, 2019. The Plaintiff was placed on sabbatical without notification from the President of the University or the Board of Trustees.

## COUNT III: (VIOLATION OF KRS 344.280) RETALIATION FOR SUPPORTING AN EEO INVESTIGATION

42. Plaintiff incorporates by reference each allegation contained in the

preceding paragraphs as if fully set forth herein.

43. That Kentucky discrimination statute make it an unlawful practice for a person, or for two (2) or more persons to conspire to retaliate or discriminate in any manner against a person because he has made a charge, filed a complaint, testified, assisted or participated in any manner in an investigation, proceeding or hearing under said statute.

44. That on May 8, 2018 underrepresented minority students in the College of Dentistry and a recent graduate of the College of Dentistry complained to the Plaintiff about discriminatory experiences in their interactions with some dental faculty members. That on May 15, 2018 Plaintiff met with OIEEO, (Office of Institutional Equity and Equal Opportunity) Vice President Terry Allen to discuss the issue with the underrepresented minority students. On said date, Mr. Allen asked Plaintiff to "do something about the discrimination" and directed the Plaintiff to contact Provost Blackwell for support.

45. That on May 18, 2018 Mr. Allen sent the Plaintiff a report prepared by Ms. Julia Phillips which substantiated said discrimination in the College of Dentistry. The Plaintiff forward the report of discrimination to Provost Blackwell. (See Exhibit G).

46. That on June 2, 2018, the Plaintiff in his correspondence with Mr.

       ized Allen and Ms. Phillips acknowledge the discrimination findings and agreed with the statement that he will need the support of Provost Blackwell because the Plaintiff expected push back by the faculty in making any meaningful changes. (See Exhibit H).

47. That on June 16, 2018 Plaintiff sent a reminder by email to Provost Blackwell about the need to address the discrimination issue and the need for his support. (See Exhibit I).

48. That on August 9, 2018 Plaintiff informed General Counsel William Thro that Provost Blackwell was not supporting the Plaintiff in his efforts to address the discrimination issues in the College of Dentistry.

49. That on August 9, 2018 Plaintiff by email informed Mr. Allen and Ms. Phillips that the Provost Blackwell was not supporting him in his efforts to resolve the student's discrimination issues.

50. That on August 21, 2018 in a face-to face meeting with Provost Blackwell and HR's Vice President Kim Wilson, the Plaintiff informed them that he agreed with the OIEEO report and what the underrepresented minority students were complaining about. Provost Blackwell stated then, "The culture in the College of Dentistry is not changing."

51. That Provost Blackwell stated that the OIEEO investigative report of

May 18, 2018 was not based on a real investigation, and that he was going to conduct his own investigation to determine if a real investigation was needed.

52. That on September 9, 2018 Plaintiff began to address the discrimination issues identified in the report and implemented the OIEEO recommendation in the College of Dentistry without the support of Provost Blackwell.

53. That on September 11, 2018 Provost Blackwell called the Plaintiff and stated that he found that the student issues were less about race and more about professionalism, contrary to existing official OIEEO report.

54. That on September 21, 2018 the Plaintiff informed EEO investigators conducting a formal investigation that he filed a formal EEO Complaint against the University of Kentucky alleging that he was being harassed by Provost Blackwell. That on January 15, 2019 Plaintiff's EEO investigation was complete and/or finalized. The Plaintiff was removed from his position of Dean of the College of Dentistry on January 16, 2019.

55. That the discrimination that was occurring in the College of Dentistry was first brought to the attention of the Plaintiff by African American

students in the College of Dentistry, OIEEO VP Terry Allen, and Ms. Julia Phillips' report. The Plaintiff had a duty to investigate and correct the issue given the Complaints and OIEEO report.

56. That with respect to Count I, Count II, and Count III and given the facts, it should be clear that the Plaintiff was doing his duty and job as Dean of the College of Dentistry and did not deserve to be removed as Dean of the College of Dentistry. The removal of the Plaintiff from said position constitutes retaliation in violation of KRS 344. 2810.

## COUNT IV: PENDENT STATE CLAIM, BREACH OF CONTRACT

57. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as of fully set forth herein.

58. That the Plaintiff and Defendant entered into an employment contract on the June 17, 2015. Said Contract required the Defendant to give the Plaintiff a review, which it failed to do.

59. That the Defendants' breach of contract constitute retaliation because the Plaintiff engaged in protected activities. That because of the Defendants' retaliatory activities the Plaintiff has lost salary and grants for research.

60. That the Defendants articulated reasons for Plaintiff's removal as Dean of the College of Dentistry is unworthy of credence. That the

        Defendant continues to engage in retaliatory conduct.

61. That the retaliation was intentional and wanton and/or purposeful to cause the Plaintiff financial hardship and to force the Plaintiff to leave the University of Kentucky,

**WHEREFORE;** Plaintiff prays for the following relief,

a. Reinstate Plaintiff to the position of Dean of the College of Dentistry,

b. For an order permanently enjoining the Defendant, their agents, representatives, and employees from further retaliation.

c. For an order requiring the state to investigate the faculty of Dentistry Violation of AR#:14-dental service plan.

d. For lost wages and benefits.

e. For damages for lost of grants for research which at this point in time are under determination.

f. For damages for embarrassment and humiliation in the amount of $7,500,000.00 (Seven million five hundred thousand).

g. For punitive damages in amount of $10,000,000.00 (Ten Million dollars)

h. For a trial by jury

i. For cost and expenses

j. For attorney fees pursuant to 42 U.S.C. 1988.

k. For any and all other cost and damages that the Plaintiff may appear entitled

under the law.

                                          By: s/ H. Wayne Roberts
                                          HON. H. WAYNE ROBERTS
                                          3229 Polo Club Blvd.
                                          Lexington, Kentucky 40509
                                          859-225-0062